IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

**FILED**

OCT 28 1998

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

| | |
|---|---|
| Terri L. Williams, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. 3.98-1315-19BD |
| ) | |
| University of South Carolina, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CONSENT PROTECTIVE ORDER

This matter is before the Court upon motion of the Defendant University of South Carolina, with Plaintiff consenting, for a Protective Order pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure.

WHEREAS, documents and information concerning personnel and salary information, as well as other confidential information, may be sought, produced, or disclosed by the Defendant in this action.

IT IS HEREBY ORDERED THAT:

1. "Confidential Information" shall mean all documents, information, and other things (both tangible and intangible and including, without limitation, electronically stored data) which the Defendants produce or otherwise disclose during the course of this action, whether by discovery response, deposition, or otherwise, which is designated "Confidential" by the Defendant, whether such designation be oral, in writing, or by marking each

page with the word "Confidential", and whether such disclosure be voluntary or otherwise made, unless such designation is revoked by agreement or by court order.

2. Confidential Information may be disclosed only to:

a. Counsel of record for any party, and all law clerks, paralegal assistants, stenographic, and clerical employees thereof when operating under the direct supervision of counsel;

b. Parties to this litigation;

c. Experts and consultants retained by Plaintiff to assist in this litigation who have executed an affidavit in the form attached as Exhibit "A" prior to any such disclosure. Plaintiff's counsel should submit the affidavits to Defendant's counsel within five business days after their execution.

d. Such other person(s) as hereafter may be designated (i) by written stipulation of all parties filed in this action or (ii) by further Order of the Court. Provided, however, that no disclosure of Confidential Information shall be made to any person(s) outside this stipulation unless and until the party proposing such disclosure, on motion, upon notice to all parties, obtains a court order permitting such disclosure.

3. The attorneys for each party shall take such steps as they believe in good faith are reasonable to advise those persons employed or retained in clerical, stenographic, or other ministerial functions of the restrictions provided by this Order upon dissemination of Confidential Information.

4. Confidential Information shall be used solely in preparation for trial and trial of this action and for no other purpose. No person shall give information which is the subject of this Protective Order to any person except as listed in paragraph 2 of this Order.



-2-

In no event shall any person give information which is the subject of this Protective Order to any employee of Defendant who is not a party to this litigation.

5. Documents which are included under the protection of this Order shall not be reproduced, duplicated, or recopied in whole or in part by a party except for its use in discovery and trial preparation.

6. Any party may move the Court, upon notice, to remove or change the designation of "Confidential" with respect to any specified material, book, record, document, testimony, information, or any other tangible matter, or any portion thereof. Until the motion for removal or modification of the designation is ruled upon by the Court and all appeals and proceedings challenging such decision shall be concluded, the information shall continue to be accorded the full protection required by this Order.

7. All tangible Confidential Information (including, without limitation, any copies, extracts, summaries, or notes thereof and any written or recorded information derived therefrom) shall be returned to the attorneys for the Defendant within sixty days of final disposition of this action by settlement or judicial decree.

8. Nothing herein shall preclude any party from objecting to the production of any information on the grounds of relevancy or any other legal grounds.

9. Nothing herein shall be construed as a waiver of any attorney-client privilege or claim of attorney work product claimed or asserted by any party with respect to any document covered by this Order.

10. The protection afforded by this Order shall apply in full force to all Confidential Information through discovery, trial, and any appeals and shall survive the final termination of this action.



-3-

IT IS SO ORDERED.

Dated: *October 27, 1998*

Columbia, South Carolina

United States District Judge

BRISTOW MARCHANT
U. S. MAGISTRATE JUDGE

This order does not apply to documents filed with the Court or used at trial. Separate order for confidentiality will need to be obtained for any such documents. See Stone v. Univ. of Md. Medical System, 855 F.2d 178, 180-181 (4th Cir. 1988).

WE SO MOVE:

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

Ronald E. Cardwell, Esquire (#5038)

Palmetto Center
1426 Main Street, Ste. 1820
Post Office Box 11206
Columbia, South Carolina 29211
(803) 252-1300

Attorneys for Defendant

WE CONSENT:

GERALD & KIMPSON, L.L.P.

Milton G. Kimpson, Esquire

1913 Marion Street, Suite 102A
Post Office Box 805
Columbia, South Carolina 29202

Attorneys for Plaintiff

-4-